UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINDICATOR PRINTING COMPANY, | ) | CASE NO. 4:09CV01973 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE GEORGE J. |
| | ) | LIMBERT |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| SAM W. BOYLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion for summary judgment[1] against Defendants, Sam and Lessie Boyles (collectively "the Boyles") filed on behalf of Plaintiff, Vindicator Printing Company ("Plaintiff") on June 28, 2011. ECF Dkt #60. No response brief was filed.

The pending motion is actually the second motion for summary judgment filed by Plaintiff in this case. Plaintiff filed its original motion for summary judgment on April 22, 2011. ECF Dkt. #51. The Boyles did not file a response brief to the original motion, however, in a letter dated May 6, 2011, Sam Boyles wrote that he intends to file personal bankruptcy and is "waiting to see what [JPMorgan] Chase [Bank] ("JPMorgan") is going to do." ECF Dkt. #54. As of the date of this memorandum opinion and order, the electronic filing system for the United States Bankruptcy Court for the District of Arizona reflects that neither Sam Boyles nor Lessie Boyles has filed a voluntary petition. This Court granted the original motion and entered judgment in favor of Plaintiff on the

---

[1]On October 19, 2009, the parties voluntarily consented to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of final judgment. ECF Dkt. #13.

breach of contract claim on June 23, 2011, however the memorandum opinion and order and the judgment were vacated five days later. Plaintiff's counsel filed a motion to vacate on June 28, 2011 due to his failure to properly serve the original motion for summary judgment. ECF Dkt #59. On that same date, Plaintiff's counsel filed the pending motion for summary judgment.

For the following reasons, the motion for summary judgment is granted in part with respect to the breach of contract claim (Count One) and denied in part with respect to the promissory estoppel claim (Count Two). Furthermore, the promissory estoppel claim (Count Two) is dismissed as a matter of law.

Pursuant to 11 U.S.C. 362, this matter was automatically stayed with respect to the third defendant, Northeast Industries, Inc ("Northeast"), which filed Chapter 11 bankruptcy on July 8, 2010 in the District of Arizona. ECF Dkt. #38. On December 7, 2010, by marginal entry order, this Court severed the claims against the Boyles and Northeast, in order to allow the claims against the Boyles to proceed to judgment. ECF Dkt. #44.

I.  FACTS AND PROCEDURAL HISTORY

In support of the motion for summary judgment, Plaintiff submitted the Declaration of Ted Suffolk, Plaintiff's Assistant General Manager. Attached to the Suffolk Declaration were the Amended and Restated Reimbursement Agreement ("Reimbursement Agreement"), the contract at issue in this case, and a demand letter, dated April 20, 2009, from Plaintiff's counsel to the Boyles, demanding enforcement of the Reimbursement Agreement. The following facts are taken from the Suffolk Declaration, the Complaint, and the Answer.

On August 21, 2009, Plaintiff filed a complaint alleging breach of contract and promissory estoppel claims against Defendants. ECF Dkt. #1, Notice of Removal, Exhibit A, Complaint.

2

Plaintiff owns *The Vindicator*, a daily newspaper circulated in Youngstown, Ohio. *Id.* at ¶11. Northeast sells, manufactures, repairs, engineers and installs printing presses. *Id.* at ¶8. Northeast is owned by Sam Boyles. Suffolk Decl. at ¶9.

Northeast and Plaintiff entered into a written contract whereby Northeast agreed to supply and install equipment at Plaintiff's production facility in Youngstown, Ohio. *Id.* at ¶2. Plaintiff required that Northeast obtain a performance bond to guarantee its performance of the printing press installation. *Id.* at ¶3. U.S. Specialty Insurance Company ("U.S. Specialty") agreed to provide a performance bond, conditioned upon Northeast obtaining a $250,000 letter of credit that U.S. Specialty could draw upon if it paid a claim to Plaintiff. *Id.* JPMorgan offered to establish the $250,000 letter of credit, but required $250,000 in collateral to secure the letter of credit. *Id.* at ¶5. Plaintiff agreed to provide the $250,000 collateral conditioned upon the promise of Northeast and the Boyles to reimburse it for any amount of the collateral claimed by JPMorgan. *Id.*

On June 30, 2008, the parties entered into the Reimbursement Agreement. *Id.* at ¶6. The Reimbursement Agreement reads, in pertinent part:

> Payor hereby absolutely and unconditionally agrees to reimburse [Plaintiff] for any amounts claimed by JPMorgan against, or debited from, the Collateral and for all expenses of any nature whatsoever, including without limitation, reasonable attorney's fees, incurred or paid by Buyer in exercising any right, power, or remedy conferred by this Reimbursement Agreement (collectively, the "Reimbursement Obligations"). Mr. Boyles, Mrs. Boyles and [Northeast] shall be jointly and severally liable for their Reimbursement Obligations as Payor.

ECF Dkt. #1, Notice of Removal, Exhibit A, Complaint, Exhibit 1-1, Amended and Restated Reimbursement Agreement, ¶1.

On April 1, 2009, Plaintiff declared Northeast to be in default of the installation contract and Plaintiff made a claim on the performance bond. Suffolk Decl. at ¶7. This led U.S. Specialty to

draw down the entire $250,000 letter of credit issued by JPMorgan. *Id.* Consequently, JPMorgan claimed the collateral deposited by Plaintiff. *Id.* On April 20, 2009, Plaintiff sent a letter by overnight mail to Defendants demanding that they reimburse it for the $250,000 claimed by JPMorgan. *Id.* at ¶8.

Plaintiff alleges a breach of the Reimbursement Agreement in the first count of its complaint. Plaintiff avers that the Reimbursement Agreement was a valid and binding contract, and argues that it fulfilled its obligations by depositing $250,000 with JPMorgan in accordance with the contract. Compl. at ¶¶35-36. Plaintiff further avers that Defendants have failed to reimburse it and as a result, it has been damaged in the amount of $250,000, plus interest and attorney's fees. *Id.* at ¶¶37, 39.

In the second count of its complaint, Plaintiff alleges promissory estoppel based on the Reimbursement Agreement. Plaintiff avers that Defendants each promised to reimburse it for any amount of collateral claimed by JPMorgan. *Id.* at ¶41. Plaintiff states that it relied on Defendants' respective promises by depositing the $250,000 in the JPMorgan account. *Id.* at ¶42. Further, Plaintiff avers that its reliance on Defendants' promises was reasonable and foreseeable as Plaintiff deposited the $250,000 in exchange for Defendants' promise to reimburse it for any of the collateral claimed by JPMorgan. *Id.* at ¶43. Plaintiff argues that by relying on Defendants' promise, Plaintiff has sustained losses of at least $250,000. *Id.* at ¶44.

On August 21, 2008, Defendants filed their answer. ECF Dkt. #3. In the answer, Defendants admit that the Reimbursement Agreement is a contract. Answer at ¶35. Defendants further admit that Plaintiff deposited the $250,000 with JPMorgan, *Id.* at ¶36, that they promised to reimburse

4

Plaintiff for any amount of collateral claimed by JPMorgan, *Id.* at ¶41, and that they have not reimbursed Plaintiff. *Id.* at ¶37.

Despite the foregoing admissions, Defendants contend in their answer that the Reimbursement Agreement is unenforceable as "Plaintiff is not out any money that is not of its own doing and fault." *Id.* at ¶35. Defendants argue that Plaintiff has not fulfilled its obligations under the contract and allege that Plaintiff breached the implied covenant of good faith and fair dealing. *Id.* at ¶36. They further argue they have no contractual obligation to reimburse Plaintiff as "any default declared under the agreements of the parties was without basis in fact or law, and arbitrary and capricious." *Id.* at ¶37. Finally, Defendants assert that they entered into the agreement under false pretenses and with fraudulent purpose by Plaintiff. *Id.* at ¶35.[2]

## II. STANDARD OF REVIEW AND GOVERNING LAW

### A. SUMMARY JUDGMENT

Summary judgment should be granted "where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Johnson v. Karnes*, 398 F.3d 868, 870-873 (6th Cir. 2005). The Court must decide, "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so

---

[2] Northeast asserted a counterclaim against Plaintiff. ECF Dkt. #3, Counterclaim. Plaintiff filed an answer to Northeast's counterclaim, as well as a counterclaim to the counterclaim. ECF Dkt. #7. Because both "counterclaims" only involve Northeast, and not the individual defendants, the counterclaims are subject to the automatic bankruptcy stay.

one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986).

A party seeking summary judgment bears the initial burden and must inform the court of the basis for its motion. *Celotex*, 477 U.S. at 323. Further, the moving party must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" which demonstrate the absence of a genuine issue of material fact. Id. The moving party must make a showing that no reasonable jury could find other than for the moving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

Once the moving party satisfies its burden, the nonmoving party must demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993), see *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must present "some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy St. Corp.*, 822 F.2d at 1435, see *First Nat'l Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 288-290 (1968).

B. CHOICE OF LAW

In Ohio, courts apply the law of the state chosen by the parties to govern their contractual rights and duties. *Ohayon v. Safeco Ins. Co.* (2001), 91 Ohio St. 3d 474, 477, 747 N.E.2d 206. The Reimbursement Agreement explicitly states, "This Reimbursement Agreement shall be governed by the laws of the State of Ohio, without regard to its conflict of law principles." ECF Dkt. #1, Exhibit 1. Therefore, Ohio substantive law shall be applied.

III.     LAW AND ANALYSIS

   A.     BREACH OF CONTRACT

Under Ohio law, to establish a breach of contract, a plaintiff must prove (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage or loss to the plaintiff. *Powell v. Grant Med. Ctr.* (2002), 148 Ohio App. 3d 1, 10, 771 N.E.2d 874.

There is no genuine dispute of material fact regarding the first element as both Defendants and Plaintiff admit that the Reimbursement Agreement is a contract. Compl. at ¶35; Answer at ¶35. The second element of a breach of contract claim is satisfied as Plaintiff deposited $250,000 pursuant to the Reimbursement Agreement. Suffolk Decl. at ¶5. The Reimbursement Agreement states that Plaintiff "agreed to deposit $250,000 with JPMorgan as collateral…" ECF Dkt. #1, Exhibit 1. Defendants do not dispute that Plaintiff deposited the $250,000 with JPMorgan pursuant to the 2008 Reimbursement Agreement. Answer at ¶36. Defendants contend in their answer that Plaintiff has not fulfilled its obligations under the contract and that Plaintiff breached the implied covenant of good faith and fair dealing. Answer at ¶36. However, conclusory statements unsupported by specific facts are not sufficient to survive summary judgment. *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004). Therefore, there is no genuine dispute of material fact regarding the second element of the breach of contract claim as Defendants failed to present "significant probative evidence" presenting a genuine issue for a jury. *60 Ivy St. Corp.*, 822 F.2d at 1435.

The third element is satisfied as Defendants admit they have not reimbursed Plaintiff. Answer at ¶24. The Reimbursement Agreement explicitly states, "[Defendants] hereby absolutely and unconditionally agree [] to reimburse [Plaintiff] for any amounts claimed by JP Morgan…"

Defendants contend that they do not have a contractual obligation to do so as "any default declared under the agreements of the parties was without basis in fact or law, and arbitrary and capricious." Answer at ¶37. However, as noted above, conclusory statements unsupported by specific facts are insufficient to survive summary judgment. *Lewis*, 355 F.3d at 533. Furthermore, to prove a breach, a plaintiff must show that the defendant "did not perform one or more of the terms of a contract." *Little Eagle Props. v. Ryan*, 10 Dist. No. 03AP-923, 2004 Ohio 3830, ¶15. Therefore, there is no genuine dispute of material fact regarding the third element as Defendants failed to reimburse Plaintiff, a term explicitly stated in the contract.

Lastly, there is no genuine dispute of a material fact regarding the fourth element as Plaintiff suffered damage and loss as a result of Defendants' breach. Suffolk Decl. ¶¶8-9. The Reimbursement Agreement states that Defendants would reimburse Plaintiff for any amount claimed by JPMorgan. ECF Dkt. #1, Exhibit 1. After U.S. Specialty drew down the entire $250,000 line of credit, JPMorgan claimed the collateral deposited by Plaintiff. Suffolk Decl. at ¶7. Defendants concede that they have not reimbursed Plaintiff. Answer at ¶37. In addition, the Reimbursement Agreement states that Defendants would reimburse Plaintiff for "all expenses of any nature whatsoever, including without limitation, reasonable attorneys fees, incurred or paid by Buyer in exercising any right, power, or remedy conferred by this Reimbursement Agreement." Therefore, Plaintiff has suffered a loss of $250,000, as well as expenses incurred in exercising its right under the Reimbursement Agreement. Suffolk Decl. at ¶9. Accordingly, Plaintiff's motion for summary judgment is granted in part, and Plaintiff may recover the $250,000, plus expenses and attorneys' fees based upon the breach of the Reimbursement Agreement.

B.   PROMISSORY ESTOPPEL

In Ohio, the doctrine of promissory estoppel is defined as "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance." *Tally v. Teamsters, Chauffeurs, Warehousemen, & Helpers* (1976), 48 Ohio St. 2d 142, 146, 357 N.E.2d 44, 47. The promise is "binding if injustice can be avoided only by enforcement of the promise." Id. However, in Ohio, promissory estoppel is an equitable remedy unavailable to a plaintiff where a signed agreement exists. *Olympic Holding Co., L.L.C. v. ACE Ltd.* (2009), 122 Ohio St. 3d 89, 96-97, 909 N.E.2d 93, 100-101. In *Blessing v. USW*, 244 F.App'x 614 (6th Cir. 2007, unreported), the court stated "promissory estoppel is not available when an unambiguous contract exists that covers the issue for which damages are sought." Id. at 622. Both Defendants and Plaintiff admit that the Reimbursement Agreement is a contract. Compl. at ¶25; Answer at ¶35. Accordingly, Plaintiff's motion for summary judgment is denied in part, as Plaintiff cannot recover under the promissory estoppel claim.

IV.   CONCLUSION

For the above reasons, Plaintiff's motion for summary judgment against the Boyles, ECF Dkt. #60, is granted as to the breach of contract claim and denied as to the promissory estoppel claim. For the reasons stated herein, judgment is rendered in favor of Plaintiff and against Defendant, Sam and Lessie Boyles, in the amount of $250,000, as well as expenses and attorney fees. Plaintiff shall submit an itemization of expenses and attorneys' fees, as well as a supporting affidavit, to the Court on or before August 12, 2011. Furthermore, based upon the entry of judgment

9

on the breach of contract claim, the promissory estoppel claim is dismissed *sua sponte* as a matter of law.

**IT IS SO ORDERED.**

Dated: August 5, 2011                                     */s/ George J. Limbert*
                                                                            **GEORGE J. LIMBERT**
                                                                            **UNITED STATES MAGISTRATE JUDGE**